ELIZA N. BROWN, Appellant, *v.* LOUISA DANFORTH *et al.*,
Respondents.

*Supreme Court, Fourth Department, General Term, February 15, 1890.*

*Trust deed. Delivery.*—Where a trust deed is executed, acknowledged and
delivered to an employee of the trustee, who on the trustee's return
delivered it to him, and such trustee retained it since that time and
assumed the management of the property till the grantor's death, it
amounts to a delivery by the grantor and an acceptance by the trustee.

Appeal from a judgment in favor of the defendants San-
born and Danforth dismissing the plaintiff's complaint, with
costs.

*R. M. Townsend*, for Danforth and Sanborn; *James W.
Tucker*, for Wilber and Diefendorf.

*Edick & Smith*, for appellant.

MARTIN, J.—The controversy in this action arises over
certain funds in the hands of the defendants, Wilber and
Diefendorf. These funds are the avails of property which
formerly belonged to Elijah Brown. The plaintiff claims
title under what has been called a "trust deed," made by
Brown in his lifetime to the defendant Wilber. The defend-
ants, other than Wilber and Diefendorf, claim such funds as
legatees under the will of Brown. The trust deed was made,
executed and acknowledged December 4, 1876. The will was
executed August 26, 1879.

It seems to be admitted by all that if the trust deed was
valid, the plaintiff was entitled to the funds in question.
The only ground upon which the deed is claimed to be in-
valid is that it was never delivered, and consequently did not
become operative as a transfer of the property to Wilber.

The referee before whom this action was tried found that the deed was never delivered or accepted, and hence never became a valid instrument between the parties. Upon that ground he directed a judgment against the plaintiff dismissing the complaint, with costs.

Therefore, the only question relating to the merits of this controversy which we are called upon to determine is, whether under the evidence in this case the finding of the referee, that such trust deed was never delivered, should be upheld. The undisputed evidence in the case is to the effect that this deed was executed and acknowledged by the grantor and by him delivered to the defendant Diefendorf, who was in the employ of the defendant Wilber, who was then absent; that Diefendorf placed it in Wilber's safe until his return, and then delivered it to Wilber, who has had it in his possession from that time until about the time of the commencement of this action. The evidence also tended to show that Wilber thereupon assumed the management, and obtained and continued in possession of the property conveyed from the time when the deed was delivered to him until the death of the grantor.

While it is claimed that the act of Brown, in subsequently making other provisions for the disposition of his property by will, and the acts of Wilber and Diefendorf in acting as executors of such will, are inconsistent with such evidence, still we think the evidence showed quite conclusively that this deed was delivered by the grantor and accepted by the grantee. We are of the opinion that the learned referee was not justified in finding that there was no delivery of such deed, or in dismissing the complaint on that ground, and that the judgment should be reversed.

Judgment reversed and a new trial granted, with costs to abide the event.

HARDIN, P. J., and MERWIN, J., concur.